IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  8:04CR206 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| | ) | |
| JESUS MANUEL GUTIERREZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 389) filed by the Defendant, Jesus Manuel Rodriguez.[1]  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Gutierrez pleaded guilty to Count I of the Third Superseding Indictment charging him with conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 846.  The plea agreement included a provision pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that Gutierrez be sentenced to 324 months imprisonment. Gutierrez filed an untimely notice of appeal that was stricken.

---

[1]The Court has considered the Defendant's Affidavit.  (Filing No. 390.)

Gutierrez claims that his attorney was ineffective in counseling him to plead guilty. Specifically, Gutierrez states that the prosecutor threatened to have his family arrested and charged with the conspiracy if he did not plead guilty. Gutierrez claims that his family did not participate in the crime.

In order to establish ineffective assistance of counsel, Gutierrez must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

The Petition to Enter a Plea of Guilty indicates the following: Gutierrez pleaded guilty voluntarily without "any force or threats from anyone"; Gutierrez pleaded guilty only because of his plea agreement, stating that no other promises were made; and no officer, attorney or agent of any branch of the government promised a lighter sentence or leniency if Gutierrez pleaded guilty. (Filing No. 313, ¶¶ 34, 36, 37.) Gutierrez signed the Petition under penalty of perjury. (*Id.* at page 14.)

At the change of plea hearing, Gutierrez stated the following under oath: the answers in the Petition are true and correct; he read and understood the plea agreement, any questions he had about the plea agreement were answered before signing it; he had no agreements with the government other than his written plea agreement; he was satisfied with the advice of his attorney, and he had no objections to his legal

2

representation; he freely waived his constitutional rights; he discussed possible defenses with his attorney; he was not threatened directly or indirectly; he was not the object of any force; and he was promised nothing outside his written plea agreement; and he had no questions prior to pleading guilty. (Filing No. 336 (Transcript), at 26, 27, 29, 30-34, 38.) Gutierrez concurred that his attorney saw him daily for the seven or eight days prior to the plea hearing for the purpose of discussing the decision to plead versus going to trial and the plea agreement. (*Id.* at 25-27.)

The record, including statements made by Gutierrez while under oath, shows that Gutierrez cannot prove the first element of the *Strickland* test, i.e., that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687-89.

Furthermore, the plea agreement provides:

> You further knowingly and expressly waive any and all rights to contest your conviction of the subject charges in any post-conviction proceedings, including any proceedings under Title 28 U.S.C. § 2255, subject to the exceptions set forth . . . :
> The right to seek post conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, *if the grounds for such claim are not known to you, or not reasonably knowable by you, at the time you enter your plea pursuant to this plea agreement.*

(Filing No. 299, ¶ 5(b).)

Gutierrez has made no showing that the grounds for his ineffective assistance of counsel claim were not known to him or reasonably knowable to him at the time he entered his plea.

3

**CONCLUSION**

For the reasons discussed, the Court concludes that under Rule 4(b) the Defendant's § 2255 motion must be summarily denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 389);

2. Upon initial review, the Court summarily denies the Defendant's claims raised in the § 2255 motion;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 20th day of December, 2006.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge