IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CR206** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **JESUS MANUEL GUTIERREZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Before the court is Filing No. 397, the Notice of Appeal filed by the defendant, Jose Manuel Gutierrez, who appeals the Memorandum and Order (Filing No. 392) and Judgment (Filing No. 393) denying his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") and the Order (Filing No. 396) denying defendant's motion for reconsideration.  Also before the court is Filing No. 399, the Memorandum from the Clerk of Court requesting a decision regarding whether the defendant may proceed in forma pauperis ("IFP") on appeal.

The defendant has not filed a motion to proceed IFP on appeal and has not paid the appellate filing fee.  The record indicates that the defendant has previously been determined to be financially unable to obtain an adequate defense in a criminal case.  Fed. R. App. P. 24(a)(3) states:

> (a) Leave to Proceed in Forma Pauperis....
>
> (3) Prior Approval.   A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court-- before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis.  In that event, the district court must state in writing its reasons for the certification or finding.

Pursuant to Fed. R. App. P. 24(a)(3), the petitioner may provisionally proceed IFP in this appeal conditioned on the review of a current trust account statement.

In addition, before the court is Filing No. 398 the defendant's motion for a "Certificate of Appealability." Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
> ....
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A "substantial showing of the denial of a federal right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S.Ct. 1595, 1603-1604 (2000), citing Barefoot v. Estelle, 103 S. Ct. 3383, 3394 (1983) (which defined the former standard for a certificate of probable cause to appeal) (internal quotation marks omitted). "Where a district court has rejected the constitutional claims on the merits, the

showing required to satisfy § 2253(c) is straightforward:  The defendant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   Slack, 120 S.Ct at 1604.   In contrast, if the district court denies a § 2255 motion on procedural grounds without reaching the underlying constitutional claims on the merits, a certificate of appealability should issue under 28 U.S.C. § 2253(c) "when the defendant shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and would find it debatable whether the district court was correct in its procedural ruling."  Id.

Upon review and consideration of the record and the applicable law, the court concludes that the defendant has failed to demonstrate that reasonable jurists would find this court's ruling debatable or wrong.  Therefore, for the reasons stated in Filing No. 392, a certificate of appealability will not issue.

THEREFORE, IT IS ORDERED:

1. That the defendant 's in forma pauperis status is continued on appeal subject to review of the defendant's trust account statement;

2. The Clerk of Court shall request a current trust account statement;

3. A Certificate of Appealability is denied; and

4. The Clerk of Court shall process this appeal to the Eighth Circuit.

DATED this 27th day of February, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge